**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank Moreno NEUSTICE, Defendant-Appellant.**

**Nos. 25547, 71–1249, 71–2305.**

United States Court of Appeals,
Ninth Circuit.

Nov. 1, 1971.

Rehearing Denied Dec. 12, 1971.

Frederick L. Hetter, of Hetter, Glick & Haviland, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Acting Chief, Crim. Div., R. Michael Bruney, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and CHOY, Circuit Judges, and MUECKE,* District Judge.

PER CURIAM:

The judgments of conviction are affirmed. Case No. 4272 (our No. 71–2305) involved the transporting in foreign commerce of a stolen automobile (United States to Mexico). Case No. 64 (our No. 25,547) and case No. 4271 (our No. 71–1249) involved the bringing into the United States from Mexico of aliens not entitled to entry.

There is abundant evidence of guilt beyond a reasonable doubt. But questions are raised as to whether the defendants were properly convicted according to applicable law.

■ It is asserted that there was error in returning some of the illegally entered aliens to Mexico who did not come back for the trial. Some did return. Apparently none of these aliens was interviewed by the defense before departure. The defense now asserts here that United States v. Mendez-Rodriguez, 9 Cir., 1971, 450 F.2d 1, is applicable. We think not in view of the fact the point was not raised in district court. Certainly we cannot call this afterthought plain error. Also, it should be observed that the aliens who did return were surely subject to being interviewed before taking the stand.

■ We reject the claim that the defendant was shoved out of Mexico at the

---

* The Honorable C. A. Muecke, United States District Judge for the District of Arizona, sitting by designation.

demand of the United States, i. e., an improper extradition. That issue was tried out on a habeas corpus petition, No. 68–285–K, in the district court. We have examined the record and transcript in that case. It is true that the United States authorities had asked the authorities in Mexico to look for the stolen car in Mexico, and they found the defendant with the car. The Mexican authorities simply deported him. On the record, there was no demand by the United States for his return.

The point about delays on the appeal are without merit. No showing of prejudice is made or could be made here. Urquidi v. United States, 371 F.2d 654 (9 Cir. 1967).

On the record here, the contention of defendant that his confession was improperly admitted is without merit.

Any other result than that obtained in the trial court would have been a bad miscarriage of justice.